UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BRIAN SIDNEY HAMILTON,              :
                                    :
         Petitioner,                :   Civ. No. 15-5517 (NLH)
                                    :
    v.                              :   OPINION
                                    :
DAVID OWENS, JR.,                   :
                                    :
         Respondent.                :
_____ :

APPEARANCES:
Brian Hamilton, # 4304162
Camden County Correctional Facility
P.O. Box 90431
330 Federal St.
Camden, NJ 08101
     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Brian Hamilton, a pretrial detainee confined at the Camden County Correctional Facility in Camden, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241 challenging the constitutionality of his detention.  He submits an application to proceed in forma pauperis which the Court finds to be complete.  At this time the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  See also 28

U.S.C. § 2243.  For the reasons set forth below, the Petition will be dismissed without prejudice.

## I.  BACKGROUND

Although the exact procedural history of this case is unclear, it is apparent that Petitioner is, or was, the subject of two separate indictments.  First, on or about February 2, 2015 he was charged pursuant to Indictment No. W2015-00912-0408 with possession of a controlled dangerous substance; and with and possession, manufacture, or distribution of a schedule II narcotic drug in a quantity of less than one ounce; in violation of N.J.S.A. 2C:35-10(A), 2C:35-5B(5) and 2C:35-7. (Pet. 14, Ex. 2, ECF No. 1).  Second, on or about February 11, 2015 Petitioner was charged pursuant to Indictment No. W2015-01042-0408 with possession with intent to distribute a controlled dangerous substance within 1,000 feet of school property in violation of N.J.S.A. 2C:35-7.1A. (Pet. 15, Ex. 3, ECF No. 1).

Petitioner's bail was set at $50,000 "full cash only" for the charges pursuant to Indictment No. W2015-00912-0408 (Pet. 16, Ex. 4, ECF No. 1); and $70,000 for the charges pursuant to Indictment No. W2015-01042-0408. (Pet. 15, Ex. 3, ECF No. 1).

On February 13, 2015, Petitioner filed a Motion for Bail Reduction, which he contends was denied. (Pet. 13, Ex. 1, ECF No. 1).  Petitioner states that he did not appeal this decision because "Camden County Correctional Facility does not allow

2

certified mail in order to file appropriate appeal and required proof of service." (Pet. 4, ECF No. 1).

Petitioner filed the instant Petition on or about July 13, 2015. In his Petition, he alleges that he is "being unlawfully restrained and held for ransom." (Pet. 2, ECF No. 1). As his only ground for relief, Petitioner recites the Thirteenth Amendment to the United States Constitution. (Pet. 7, ECF No. 1). In his affidavit, Petitioner indicates that he "accrue[d] a 'full cash blanket bail'" which "was issued in disregard of the truth." (Pet. 9, ECF No. 1). He further states that "the State of New Jersey has elected not to persue [sic] [Indictment No. W2015-01042-0408], rendering the blanket bail imposed as a result of false information." (Id.).

Further, Petitioner states that the notation on the "Criminal Division Bail Report" (Pet. 16, Ex. 4, ECF No. 1) — which states that Petitioner has two prior convictions for first degree offenses and two prior convictions for second degree offenses — is "without merit." (Pet. 10, ECF No. 1).

Finally, Petitioner asserts that he has strong family ties to Camden County, that he owes a civic duty to Holy Spiritual Cathedral Church and that he is not a flight risk. (Pet. 10, ECF No. 1). He asks to be released on his own recognizance and indicates that he will answer to any and all charges, and be present during any and all proceedings. (Id.).

## II. STANDARD FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

## III. DISCUSSION

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. See Moore v. De Young, 515 F.2d 437, 441-42 (3d Cir. 1975). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by

4

federal courts in the normal functioning of state criminal processes.'" Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting Moore, 515 F.3d at 445-46). Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore, 515 F.2d at 443; see also Kern v. Owens, No. 15-1099 JBS, 2015 WL 1622015, at *2-3 (D.N.J. Apr. 9, 2015).

In this case, Petitioner has not made the showing of extraordinary circumstances necessary to justify this Court's intervention before the state courts have had an opportunity to consider his claims.

Further, the precise contours of Petitioner's argument are unclear. Petitioner does not explain exactly how he believes the state court violated his rights under Thirteenth Amendment. In light of the affidavit attached to the Petition, it appears that Petitioner may seek a modification of bail based on the fact that his prior convictions were misreported, or based on

5

the fact that the State of New Jersey is no longer pursuing the charges under Indictment No. W2015-01042-0408.  Although Petitioner filed a Motion for Bail Reduction (Pet. 13, Ex. 1, ECF No. 1), it does not appear that Petitioner raised these specific arguments before the state court in that motion.

Regardless, in order to be deemed exhausted, "[a] claim must be presented not only to the trial court but also to the state's intermediate court as well as to its supreme court." Evans v. Court of Common Pleas, Delaware Cnty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).  Here, Petitioner admits that he has not filed an appeal,[1] let alone presented his claims to the New Jersey Supreme Court. (Pet. 4, ECF No. 1).  Thus, his state remedies have not been exhausted and the Court need not interpret or evaluate Petitioner's argument under the Thirteenth Amendment because habeas relief is not warranted under § 2241 on this ground.

"Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s

---

[1] Petitioner's bald assertion that he has not filed an appeal because Camden County Correctional Facility does not allow certified mail is unsupported by the record.  Moreover, New Jersey Court Rules do not require the use of certified mail to file an appeal. See New Jersey Rules of Court 2:5.

6

constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." Moore, 515 F.2d at 449.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

7

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## V. CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  Therefore, the Court will dismiss the Petition without prejudice.

An appropriate Order will follow.

___s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: July 30, 2015

At Camden, New Jersey