UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
BRIAN SIDNEY HAMILTON,              :
                                    :
        Petitioner,                 :   Civ. No. 15-5517 (NLH)
                                    :
    v.                              :   OPINION
                                    :
DAVID OWENS, JR.,                   :
                                    :
        Respondent.                 :
_____  :

APPEARANCES:
Brian Hamilton, #4304162
Camden County Correctional Facility
P.O. Box 90431
330 Federal St.
Camden, NJ 08101
    Petitioner Pro se


HILLMAN, District Judge

    Petitioner Brian Hamilton, a pretrial detainee confined at

the Camden County Correctional Facility in Camden, New Jersey,

filed a writ of habeas corpus under 28 U.S.C. § 2241 challenging

the constitutionality of his detention and submitted an

application to proceed in forma pauperis (ECF No. 1), which the

Court found to be complete.  As a result of this Court's review

of the Petition pursuant to Rule 4 of the Rules Governing

Section 2254 Cases, (amended Dec. 1, 2004), made applicable to §

2241 petitions through Rule 1(b) of the Habeas Rules, see also

28 U.S.C. § 2243, the Petition was dismissed without prejudice. (ECF No. 3).

On or about February 16, 2016, Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, which was docketed as a new and separate case. See Petition, Hamilton v. State of N.J., No. 16-804 (D.N.J. Feb. 16, 2016) ECF No. 1.  After further review, however, this Court determined that the petition submitted on February 16, 2016 and assigned Case No. 16-804 was more appropriately characterized as an Amended Petition in the instant case.  Per an Order dated February 25, 2016 (ECF No. 5), it was docketed as such. See (Amended Petition, ECF No. 6)

At this time the Court must review the Amended Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243.  For the reasons set forth below, the Petition will be dismissed without prejudice.

I.   BACKGROUND

In the Amended Petition (ECF No. 6), Petitioner essentially reiterates the claims raised in his initial Petition (ECF No. 1).  Specifically, in his Amended Petition, Petitioner refers three indictments: "Indictment Nos. 14-11-3483 & 3592 and 15-10-2982." (Am. Pet. 3, ECF No. 6).  He explains that his "bail

motion was filed and denied ([illegible]/13/15) and that after
he "moved to the district court [he was] ordered to exhaust
[his] state remedy." (Id.).  Petitioner refers to this Court's
July 30, 2015 Opinion and Order. (ECF Nos. 2, 3).  Petitioner
then states that he "refiled both bail/jurisdiction [motions]"
but his "attorney refuses to enter [an] appearance [and the]
State won't calendar [the motions]." (Id.).

     In his Amended Petition, Petitioner asserts four enumerated
grounds for relief.  First, Petitioner asserts that his bail is
excessive and in violation of the Eighth Amendment. (Id. at 7,
8).  He states that a "full cash" bail amount is improperly
based on his prior, misreported convictions.  Petitioner alleges
that he is being punished for a crime for which he has not yet
been convicted.  He explains that his attorney refuses to enter
an appearance with respect to the bail motions he wishes to file
because the attorney claims said motions are frivolous. (Id. at
8).  However, Petitioner believes that his circumstances have
changed since his initial bail hearing because there are now
only three charging indictments as opposed to the initial four
which were filed against him.

     As his second ground for relief, Petitioner asserts that
the "State of New Jersey cannot retain jurisdiction over the
charging instruments for they are patently defective." (Id.).
Petitioner states that "the complaining witness never appeared

3

before any magistrate to attest to the facts that were alleged on the charging instruments . . ." (Id.).

In his third ground for relief, Petitioner asserts that "the State of New Jersey cannot retain jurisdiction over the charging instruments where pretrial detainee has not been afforded any probable cause determination." (Id.).  Petitioner argues that "the return of a true bill does not render a probable cause hearing moot, unless a finding of guilt has been adjudicated on the charging instruments." (Id.).  He further explains that his attorney refuses to enter an appearance with respect to this argument because the attorney claims that a motion asserting this argument would be frivolous.

As his fourth and final ground for relief, Petitioner argues that "the State of New Jersey cannot retain jurisdiction of the subject matters because there is no injured party . . ." (Id. at 9).  Petitioner asserts that he has "special visitation" and he contends that "a 99 year old state cannot be an 'injured party[;]'" therefore, he concludes that the State has no jurisdiction over him. (Id.).  Petitioner again explains that his attorney refuses to enter an appearance with respect to the motion Petitioner wishes to file to assert this argument because the attorney claims that this argument is frivolous.

As for relief, Petitioner requests dismissal of all charging instruments because they are patently defective,

because his due process rights have been violated by way of a denial of a probable cause hearing, and because the State lacks jurisdiction.  He also seeks release on his previous bail status, which Petitioner states corresponds to the bail issued for the last charging instrument, Indictment No. 15-10-2982. (Id.).

## II.   STANDARD FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schult, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); See also 28 U.S.C. §§ 2243, 2255.

III. <u>DISCUSSION</u>

District courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court. <u>See</u> <u>Moore v. De Young</u>, 515 F.2d 437, 441–42 (3d Cir. 1975). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" <u>Duran v. Thomas</u>, 393 F. App'x 3, 4 (3d Cir. 2010) (<u>quoting</u> <u>Moore</u>, 515 F.3d at 445–46). Addressing the question whether a federal court should ever grant a pretrial writ of habeas corpus to a state prisoner, the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

<u>Moore</u>, 515 F.2d at 443; <u>see also</u> <u>Kern v. Owens</u>, No. 15-1099, 2015 WL 1622015, at *2-3 (D.N.J. Apr. 9, 2015).

In this case, Petitioner has again failed to make the showing of extraordinary circumstances necessary to justify this

Court's intervention before the state courts have had an opportunity to consider his claims.

After receiving this Court's July 30, 2015 Order dismissing the instant case (ECF No. 3), Petitioner attempted to exhaust his state remedies with respect to his claim regarding bail modification. <u>See</u> (Am. Pet. 37, Ex. 3 - Motion for Bail Reduction, ECF No. 6). Attached to his Amended Petition is a copy of a request to his pool attorney to file another motion for bail reduction due to "changed circumstances" (<u>Id.</u> at 47), as well as an affidavit which explains Petitioner's arguments in support of his motion for bail modification (<u>Id.</u> at 48-49). This affidavit sets forth, among other things, Petitioner's argument that one of the individuals responsible for returning the indictments against him provided false information, and Petitioner's argument that his "blanket bail" is based on misreported prior convictions.

Petitioner also attaches to his Amended Petition a Motion to Dismiss for lack of jurisdiction which, presumably, he filed with the state court. (Am. Pet. 52, Ex. 4 - Motion to Dismiss, ECF No. 6). In the Letter Brief submitted in support of that Motion (<u>Id.</u> at 56-60), Petitioner cites a significant amount of case law, but does not provide any factual information regarding the charges against him, and fails to explain how the case law

cited applies to the circumstances of his case or otherwise
supports his motion.[1]

Although Petitioner has demonstrated that he has presented
these arguments to the state court, he has not shown that the
state court has had the opportunity to review and rule upon
these arguments.  The dispositions of the motions Petitioner's
attaches to his Amended Petition are unclear.  Moreover, as
previously explained to Petitioner, in order to be deemed
exhausted, "[a] claim must be presented not only to the trial
court but also to the state's intermediate court as well as to
its supreme court." Evans v. Court of Common Pleas, Delaware
Cnty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992).  Here,
Petitioner, at best, has shown that he presented his claims to
the New Jersey Superior Court.  There is nothing before this
Court to indicate that the New Jersey Superior Court ruled on
these motions, or that Petitioner then presented his claims to
the New Jersey Appellate Division and the New Jersey Supreme
Court.  Thus, his state remedies have not been exhausted and
this Court need not interpret or evaluate Petitioner's arguments

---

[1] In light of a filing in a separate civil case filed by
Petitioner, it appears that Petitioner also raised this argument
before the state court in the form of a civil action filed
against Prosecutor Colalillo. See Correspondence from Plaintiff,
Hamilton v. Colalillo, No. 16-64 (D.N.J. Mar. 15, 2016) ECF No.
11.

because habeas relief is not warranted under § 2241 on this ground.

"Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." Moore, 515 F.2d at 449.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner

shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

V.   <u>OTHER MOTIONS</u>

Petitioner also filed a motion to appoint pro bono counsel (ECF No. 7) as well as a motion of recoupment (ECF No. 8).  In light of the fact that the Amended Petition will be dismissed, the pending motions will be denied as moot.

VI.   <u>CONCLUSION</u>

For the reasons set forth above, the Court finds that Petitioner has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust.  Therefore, the Court will dismiss the Amended Petition without prejudice; and the pending motions will be denied as moot.

An appropriate Order will follow.

_____ s/ Noel L. Hillman_____
NOEL L. HILLMAN
United States District Judge

Dated: July 7, 2016
At Camden, New Jersey